IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,463-01




EX PARTE JOSE LUIS GONZALEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1249692 IN THE 351ST DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to 180 days’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things, that counsel failed to advise him of the deportation
consequences of his guilty plea. Padilla v. Kentucky, 559 U.S. 356 (2010). Counsel responded in
a sworn affidavit, and the trial judge found his affidavit credible, made findings of fact and
conclusions of law on April 11, 2013, and recommended that we deny relief. On May 8, we adopted
the trial judge’s findings of fact and denied relief. 
            On May 13, we received a supplement from the Harris County District Clerk. It included a
motion Applicant filed in the trial court to set aside the trial judge’s findings and conclusions; an
order the trial judge signed granting this motion; and new findings and conclusions, prepared by
Applicant and signed by the trial judge on May 1, 2013, recommending that this Court grant relief
on Applicant’s ineffective assistance of counsel claim. 
            On June 12, we reconsidered our previous denial on our own motion and remanded this
application for further findings and conclusions. We directed the trial judge shall to resolve the
inconsistencies in his April 11 and May 1 findings and conclusions. We also directed him to state
whether he continued to believe that counsel’s affidavit was credible and, if not, why he no longer
believed this. 
            On December 27, we received the trial judge’s supplemental findings and conclusions. He
recommended that we grant relief. We believe, however, that the record is not sufficient to resolve
Applicant’s claim. Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial judge may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            Applicant appears to be represented by counsel. If he is not and the trial judge elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial judge shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
             The trial judge shall determine whether Applicant is subject to deportation for reasons
unrelated to his conviction. According to the record, Applicant is subject to deportation pursuant
to 8 U.S.C. § 1227(a)(1)(C)(i) and was admitted to the United States as a border crosser or
nonimmigrant visitor at a Mexican border port of entry for a temporary period and has not received
permission to remain in the United States beyond the authorized period. If Applicant is subject to
deportation for reasons unrelated to his conviction, the trial judge shall determine whether he would
have pleaded not guilty and insisted on a trial but for counsel’s deficient advice. Hill v. Lockhart,
474 U.S. 52 (1985). The trial judge shall also make any other findings of fact that he deems relevant.
            This application will be held in abeyance until the trial judge has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial judge’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: January 15, 2014
Do not publish